## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24432-GAYLES

*In re*

**A&E ADVENTURES LLC,**

       **Debtor.**                         Bankruptcy Case No. 21-19272-BKC-LMI

_____/

**SUNSET OPPORTUNITIES B2, LLC,**

       **Appellant,**

v.

**A&E ADVENTURES LLC,**

       **Appellee.**

_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Appellant Sunset Opportunities B2, LLC's Notice of Appeal from the Bankruptcy Court [ECF No. 1]. The Court has reviewed the parties' briefs and the record and is otherwise fully advised. For the reasons discussed below, the Order of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") is affirmed. [ECF No. 5-2, at 612-614].

## **BACKGROUND**

On December 20, 2013, Appellee A&E Adventures LLC ("A&E") entered into a commercial lease agreement with Shops at Sunset Mall for a property (the "Premises") in South Miami, Florida. (the "Lease") *Id.* at 559. Appellant Sunset Opportunities B2, LLC ("Appellant") is the current landlord under the Lease.

On February 3, 2021, after A&E defaulted under the Lease for failing to make rent payments, Appellant filed a "Complaint for Eviction and Damages" against A&E in the Eleventh Judicial Circuit in and for Miami-Dade County (the "State Court") alleging non-payment of rent and breach of the Lease. (the "State Court Action"). *Id.* at 497. Appellant did not seek termination of the lease. *Id.* A&E filed a counterclaim in the State Court Action alleging Appellant breached the Lease by failing to maintain the roof of the Premises. *Id.* at 503.

On September 20, 2021, the State Court granted a partial summary judgment for possession of eviction in favor of Appellant based on A&E's failure to timely pay rent (the "Judgment of Eviction"). *Id.* at 338-39. The Judgment of Eviction directs the clerk "to forthwith issue a Writ of Possession to the Sheriff directing [Appellant] in possession of the [Premises]." *Id.* The State Court retained jurisdiction over the remaining counts of the Complaint, A&E's counterclaim, and to enter writs of assistance necessary to enforce the terms of the Judgment of Eviction. *Id.*[1]

On September 24, 2021, the State Court Clerk issued a Writ of Possession. *Id.* at 341. That same day, A&E filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, *id.* at 7, and a Suggestion of Bankruptcy was docketed in the State Court action, *id.* at 343. Because of the bankruptcy proceedings, the Sheriff did not enforce the Writ of Possession. *Id.* at 549, 551.

On November 4, 2021, Appellant filed its Motion for Relief from the Automatic Stay in the Bankruptcy Court (the "Stay Relief Motion"). *Id.* at 320. The Bankruptcy Court denied the Stay Relief Motion, finding there was no cause for relief from the stay because "[t]he Lease was not terminated prepetition and is an unexpired lease that may be assumed by the Debtor subject to Section 365 of the Bankruptcy Code." *Id.* at 613. This appeal followed.

---

[1] On September 21, 2021, A&E appealed the Judgment of Eviction to Florida's Third District Court of Appeal. The State Court denied A&E's request to stay the Judgment of Eviction pending appeal. [ECF No. 5-2 at 346].

## LEGAL STANDARD

The district court has jurisdiction to hear appeals from final judgments and orders of bankruptcy courts pursuant to 28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court." *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*, and it cannot make independent factual findings. *See Torrens v. Hood* (*In re Hood*), 727 F.3d 1360, 1363 (11th Cir. 2013); *Englander v. Mills* (*In re Englander*), 95 F.3d 1028, 1030 (11th Cir. 1996). "Additionally, a 'decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion.'" *In re Feingold*, 730 F.3d 1268, 1272 n. 2 (11th Cir. 2013) (quoting *Barclays-Am./Bus. Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broad., Inc.)*, 871 F.2d 1023, 1026 (11th Cir. 1989)). "An abuse of discretion occurs where a bankruptcy court applies the wrong principle of law or makes clearly erroneous findings of fact." *In re Zadeh*, 772 F. App'x 837, 838 (11th Cir. 2019).

## DISCUSSION

Appellant argues that the Bankruptcy Court erred when it denied the Stay Relief Motion and determined that the Lease was not terminated. The Court disagrees.

**I.   Automatic Stays and Exceptions for Cause**

"When a debtor files a bankruptcy petition, an automatic stay applies to the enforcement of a judgment against the debtor or against the property of the estate when that judgment was obtained before the bankruptcy petition was filed." *In re Feingold*, 730 F.3d at 1276 (citing 11 U.S.C. § 362(a)(2)). The stay also "applies to any attempt to obtain possession of estate property or exercise control over estate property, as well as to attempts to collect, assess, or recover a claim against the debtor that arose before the bankruptcy case commenced." *Id.* There are, however,

exceptions to the automatic stay. One such exception is set forth at § 362(d) and provides that "[o]n request of a party in interest" the bankruptcy court shall grant relief from the stay "for cause . . . ." 11 U.S.C. § 362(d). Here, Appellant argues that cause exists for relief from the stay—because (1) the Lease was terminated prepetition such that A&E could not assume it and (2) A&E acted in bad faith.[2] The Court address each argument in turn.

## II.     The Lease Was Not Terminated.

The question in this action is whether, under Florida law, the Judgment of Eviction and unexecuted Writ of Possession terminated the Lease before A&E's bankruptcy petition. If so, such a termination would provide cause to lift the stay. The Court, relying on several bankruptcy court decisions in the Eleventh Circuit and Florida law, finds that the Lease was not terminated pre-bankruptcy petition.

Under Florida law, when a tenant defaults on a lease, the landlord may (1) "take possession of the property and terminate the lease"; (2) "take possession of the property and hold the tenant liable for damages measured by the rent due under the lease less any amounts received by a replacement tenant"; or (3) "do nothing and hold the tenant liable for the rent as it becomes due or for the full amount due at the end of the lease term." *In re Jerusalem Restaurant, Inc.* No. 6:18-bk-01065-CCJ, 2018 WL 11206148, at *2 (Bankr. M.D. Fla. July 12, 2018). The differences between the remedies are as follows:

> Only the first remedy involves terminating the lease. [] By affirmatively terminating the lease and retaking possession of the premises for its own use, the landlord has cut off the tenant's obligation to pay any future rent under the lease. If the landlord simply takes possession of the premises on account of the tenant, the tenant's obligation to pay the rent due for the duration of the lease term remains.

---

[2] The Bankruptcy Code does not define "cause," but courts have found that cause exists for relief from a stay where the commercial lease at issue has been terminated prepetition or where the debtor has acted in bad faith. *See e.g. In re 2408 W. Kennedy, LLC*, 512 B.R. 708 (Bankr. S.D. Fla. 2014) (discussing entitlement to relief from a stay in the context of allegedly terminated commercial leases); *In re Feingold*, 730 F.3d at 1276 (noting that one factor to consider in evaluating whether cause exists is "whether the debtor has acted in bad faith.").

> That is the crucial distinction between the first two remedies. Termination of the lease is what cuts off the tenant's obligation to pay future rent. Regardless of which remedy the landlord elects, the writ of possession merely affects the tenant's right to possess the property. If entry of a judgment for possession or issuance of a writ of possession "terminated" the lease, then a tenant could never be liable for future rent when a landlord successfully recovered possession of the premises. So it is only a landlord's affirmative act—not entry of a final judgment for possession or issuance of a writ of possession—that terminates a lease.

*In re 2408 W. Kennedy, LLC*, 512 B.R. 708, 713 (Bankr. M.D. Fla. 2014). *See also In re Jerusalem*, 2018 WL 11206148, at *3 (holding that a final judgment of possession and writ of possession did not "demonstrate a valid lease termination . . . .").[3]

Here, the Judgment of Eviction and Writ of Possession did not terminate the lease. *See In re 2408 W. Kennedy*, 512 B.R. at 711-712 ("Entry of a final judgment for possession or issuance of a writ of possession does not terminate a lease."). Indeed, in the State Court Complaint, Appellant sought possession of the property and A&E's continued payment of rent, not termination. [ECF No. 5-2 at 497]. And, A&E had not completely lost possession of the property prior to filing for bankruptcy as the Sheriff did not execute the Writ of Possession. *See In re PetitUSA, LLC*, No. 16-10305-BKC-LMI, 2016 WL 8504995, at *3 (Bankr. S.D. Fla Apr. 5, 2016) ("A debtor's loss of possession is not complete until the debtor has been physically dispossessed."); *In re Jerusalem*, 2018 WL 11206148, at *3 ("The eviction process, under Florida law, is not complete until the tenant is physically dispossessed from the property."). Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in finding that (1) the Lease was not terminated and (2) relief from the stay was not warranted.

---

[3] The Court acknowledges that there are countervailing bankruptcy court cases in the Eleventh Circuit, *see e.g. In re Key Largo Watersports, Inc.*, 377 B.R. 738 (Bankr. S.D. Fla. 2007) (holding that lease expired prepetition upon entry of a judgment of eviction), but finds the reasoning in *In re 2048 W. Kennedy*, 512 B.R. at 711-712, *In re Jerusalem*, 2018 WL 11206148, at *2, and *In re PetitUSA*, 2016 WL 8504995, at *3, more persuasive.

### III. Bad Faith

Appellant also argues that A&E acted in bad faith in filing for bankruptcy and that this constitutes cause for relief from the stay. Appellant, however, did not raise this issue with the Bankruptcy Court.[4] "An argument raised for the first time on appeal will be reviewed only in special circumstances." *In re Freedman*, 427 F. App'x 813, 818 (11th Cir. 2011). The Court finds no such special circumstances here and, therefore, does not address Appellant's argument that A&E acted in bad faith.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Order of the United States Bankruptcy Court for the Southern District of Florida denying Motion for Relief from the Automatic Stay in the Bankruptcy Court is **AFFIRMED**. This action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] Appellant argues that it raised the issue of bad faith in paragraphs 18 and 21 of the Stay Relief Motion. [ECF No. 5-2 at 325]. The Court disagrees. Paragraph 18 simply recites the case-specific factors listed in *Feingold* to establish cause—one of which is whether the debtor acted in bad faith. Paragraph 21 is simply a brief discussion of *Feingold* factors one (bad faith) and three (pending state court proceedings). The crux of the Stay Relief Motion is Appellant's argument that the Lease was terminated, not that A&E acted in bad faith. Moreover, at the hearing on the Stay Relief Motion, Appellant never argued that A&E acted in bad faith. [ECF No. 6].